UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES R. KILPATRICK and
KILPATRICK CANE PARTNERSHIP,

    Plaintiffs,

v.                                  Case No: 2:16-cv-472-FtM-99MRM

WINFIELD SOLUTIONS, LLC and
LAND O'LAKES, INC.,

    Defendants.
_____/

**<u>ORDER</u>**[1]

This matter comes before the Court on review of Defendants' Notice of Removal (Doc. 1) filed on June 16, 2016. Subject-matter jurisdiction is premised on the presence of a diversity of citizenship between the parties. (*Id.* at ¶ 4.)

Federal courts are courts of limited jurisdiction and are obligated to inquire about jurisdiction *sua sponte* whenever it may be lacking. See *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (citations omitted). A defendant may remove a civil case from state court provided the case could have been brought in federal court. See 28 U.S.C. § 1441(a). Federal courts have original jurisdiction if the amount in controversy exceeds

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

$75,000, exclusive of interest and costs, and there is complete diversity of citizenship among the parties. See 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). The defendant seeking removal bears the burden of establishing diversity jurisdiction as of the date of the removal. See *Moreland v. SunTrust Bank*, No. 2:13-cv-242, 2013 WL 3716400, at *1 (M.D. Fla. July 15, 2013) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010)); *Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc.*, 330 F.3d 1308, 1310 (11th Cir. 2003)). Removal jurisdiction raises significant federalism concerns, and thus courts strictly construe removal statutes. See *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Any doubt as to the presence of jurisdiction should be resolved in favor of remand. See *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

The Court finds that the citizenship of Plaintiff Kilpatrick Cane Partnership is not yet established. The Notice of Removal states that Kilpatrick Cane Partnership is identified in Plaintiffs' Complaint (Doc. 2) as a "Florida limited liability company," yet Defendants have been unable to find any record of the company with the Florida Department of State, Division of Corporations. (Doc. 1, ¶ 6). In an effort to identify the partnership's citizenship, Defendants point to a signed Credit Agreement and Application wherein Defendants allege that Plaintiff James R. Kilpatrick, a Florida citizen, identified his business as a sole proprietorship. (*Id.*) Yet a review of the Credit Application (Doc. 1-2) shows that "Russell Kilpatrick Cane" was the applicant, not the partnership. Thus, it is far from clear based on the Credit Agreement that Kilpatrick Cane Partnership is a sole proprietorship and citizenship would be determined by the citizenship of the sole proprietor.

The citizenship of a partnership is not determined by the state of organization and principal place of business, as with a corporation, but rather by the citizenship of each of its general and limited partners. See *Carden v. Arkoma Assoc.*, 494 U.S. 185 (1990). And a limited liability company is a citizen of every state in which one of its members is located. *Thermoset Corp. v. Building Materials Corp. of America*, --- F.3d ---, 2017 WL 816224, *2 (11th Cir. Mar. 2, 2017) (citing *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004) (noting that the pleadings are required to provide the citizenship of each LLC member to invoke the District Court's diversity jurisdiction)). Although the Court agrees that Defendants are not required to rely on Plaintiffs' representation in their Complaint that Kilpatrick Cane Partnership is a Florida limited liability company, Defendants have not yet established the party's corporate structure for diversity purposes. See *Purchasing Power, LLC v. Bluestem Brands*, Inc., --- F.3d ---, 2017 WL 1046103, at *6 (11th Cir. Mar. 20, 2017) (noting that removing parties should not rely on beliefs of opposing parties to meet the burden to establish diversity jurisdiction, nor should the Court accept such representations without further investigation).

Defendants will be afforded an opportunity to supplement their Notice of Removal, as directed by 28 U.S.C. § 1653. If additional time is needed for investigation, Defendants may move the Court for more time.

Accordingly, it is now

**ORDERED:**

Defendants shall supplement the Notice of Removal in accordance with the above on or before **April 27, 2017**, or otherwise **show cause** by this date why this case should

not be remanded for failure to establish subject-matter jurisdiction based on the presence of diversity jurisdiction at the time of removal. **Failure to comply with this Order will result in this case being remanded without further notice**.

    **DONE** and **ORDERED** in Fort Myers, Florida this 13th day of April, 2017.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record